## Voluck v. Burn Brae Golf, Inc.

*Robert H. Malis,* for plaintiff.
*Reuben Cohen,* for defendants.

GRIFFITHS, J., December 21, 1962.—This matter comes before the court on defendants' preliminary objection to plaintiff's complaint in equity. The graveman of the complaint in essence is that plaintiff, a former stockholder and director of defendants did, during the time he held office, loan defendants various

sums of money which they have refused to repay. He avers that he is not sure precisely how much he advanced each corporation because they have refused him access to their books and records, but that the total amount involved was approximately $14,000. In his prayer for relief, he asks the court to direct defendant corporations to render him an accounting and repay such sums that are found to be due and owing.

Defendants' preliminary objections 1 and 2 are that plaintiff has an adequate remedy at law and that the action should be transferred to the law side of the court.

Preliminary objections 3 and 4 state that paragraphs 3 and 4 of the complaint (although the designation of these paragraphs by number is found only in the prayer for relief) fail to set forth when, where or to whom the alleged loans were made, or any terms or conditions surrounding them.

Preliminary objection 5 states that plaintiff has failed to allege when, where, to whom and if even a demand was made to see defendants' books and records.

Preliminary objection 6 is in the nature of a demurrer.

Plaintiff may seek an accounting under Pa. R. C. P. 1021 in an action in assumpsit and it appears that there are here alleged no other facts uniquely within the scope of equity. The complaint is legally too indefinite with respect to the terms and conditions of the alleged loans.

McNulty and Clancey v. House, 41 Westmoreland 231 (1960), while not on all fours with the question here presented, succinctly points up the need for the circumstances surrounding a transaction to be pleaded specifically. There the court stated, on page 232:

"Paragraph five of the plaintiff's complaint avers that the defendant and the plaintiff, Adele Clancey, made an oral contract whereby Adele Clancey was

authorized to sell the defendant's farm for $30,000.00, but fails to set forth the time, place and date when said oral contract was made. Since the plaintiff's cause of action is founded on said oral contract, the time, place and date when the contract was made should be specifically averred in order to enable the defendant to prepare his defense."

In addition, Goodrich-Amram §1019 (a)-6, on this point states as follows:

"A complaint based upon a contract must, first, allege whether it is express or implied; second, allege whether any claim is based upon a writing; third, set forth the time, the parties and the manner of entry into an oral contract; fourth, attach a copy of any written contract. . . .

"In addition, of course, in every suit upon a contract, the complaint should give such details of the circumstances under which the contract was made and performance under the contract as are relevant to the claim. . . ."

The above reasoning is equally applicable to plaintiff's failure to set forth the circumstances surrounding defendants' alleged refusal to permit him to examine books and records. Plaintiff's complaint obviously does, however, set forth a good cause of action.

Wherefore, we enter the following

### Order

Defendants' preliminary objections numbers 1 and 2 are sustained and the action is hereby transferred to the law side of the court.

Defendants' preliminary objections numbers 3, 4 and 5, are sustained and plaintiff is granted leave to file a more specific complaint within 20 days from the date hereof with respect to the averments contained in paragraphs 3, 4 and 5 thereof, in accordance with the foregoing opinion.

Defendants' preliminary objection no. 6 is dismissed.